IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
   *Plaintiff,*

v.

$12,914.00 IN U.S. CURRENCY,
   *Defendant.*

Civil Action No.: ELH-11-01912

**MEMORANDUM**

On July 12, 2011, the United States filed a "Verified Complaint For Forfeiture" as to $12,914.00 in U.S. Currency ("Complaint," ECF 1). The action is a civil, in rem proceeding to forfeit money seized pursuant to a property search; the funds are allegedly connected to violations of the Controlled Substance Act, 21 U.S.C. § 841, and are subject to forfeiture under 21 U.S.C. § 881(a)(6).

On August 3, 2011, Jackie Weatherley, claimant, filed a "Verified Claim" demanding the return of the funds ("Claim," ECF 3). However, on September 14, 2011, the United States filed a motion to strike that Claim, arguing that the claimant lacked "statutory standing," because he did not timely file an answer to the Complaint within twenty-one days of filing the Claim, as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* "Government's Motion To Strike Claim For Failing To Comply With Supplemental Rule G(5)" ("First Motion to Strike," ECF 4).

Thereafter, on October 12, 2011, Mr. Weatherley filed an "Answer To Verified Complaint For Forfeiture" ("Answer," ECF 8), explaining the grounds for his claim to the

currency.[1]  In a Memorandum to counsel dated October 31, 2011 (ECF 10), I construed the Answer as a response to the Government's First Motion to Strike, and denied as moot the Government's First Motion to Strike.

On November 2, 2011, the United States filed a motion to strike claimant's Answer, again citing the claimant's failure to comply with Rule G(5).  *See* "Government's Motion To Strike Answer For Failing To Comply With Supplemental Rule G(5)" ("Second Motion to Strike," ECF 11).  On November 9, 2011, claimant responded in opposition to the Second Motion to Strike.  *See* "Response Of Jackie Weatherley ('Claimant') To Government's Motion To Strike Answer For Failing To Comply With Supplemental Rule G(5)" ("Opposition," ECF 12).[2]

In the Opposition, claimant's attorney asserts that he "prepared and filed on Claimant's behalf a Verified Claim as to the subject money in these proceedings . . . premised on the fact that there had been an income tax refund in excess of $12,000.00 (documentation provided) which constituted the funds involved."  Opposition ¶¶ 1-2.  Further, counsel explains that "although an answer to the Government's complaint had been drafted, the draft copy was inadvertently misplaced in his office."  *Id.* ¶ 3.  According to claimant's counsel, "immediately upon being advised that the answer to the complaint had not been filed, [he] filed said answer to the Government's complaint."  *Id.* ¶ 5.[3]  In counsel's view, "the Government is not prejudiced in anyway [sic] by the delay in filing the answer to the Government's complaint," and "it would be

---

[1] The Answer was docketed twice, as ECF 8 and ECF 9.

[2] The Opposition was docketed twice, as ECF 12 and ECF 13.

[3] Claimant's attorney explains that he sought to file the Answer on October 7, 2011, but it was not accepted by the Clerk because the exhibits were not filed separately from the Answer. *Id.* ¶¶ 6-7.  Consequently, the Answer was not docketed until October 12, 2011.  *Id.* ¶ 7.

inequitable and unjust to punish the Claimant as a result of the failure of his attorney to file the answer to the Government's complaint within the 21 day period." *Id.* ¶¶ 9-10.

It is true that the Supplemental Rules "must be strictly enforced." *U.S. v. $25,790 U.S. Currency*, No. AW-09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010). Indeed, "[c]ourts consistently have required claimants to follow the language of the Supplemental Rules to the letter." *U.S. v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991). But, "[t]he verified *claim* is the most significant requirement in Rule G(5)." *U.S. v. $67,775.00 in U.S. Currency*, No. WMN–10–3410, 2011 WL 4711893, at *2 (D. Md. Oct. 5, 2011) (emphasis added). A claim "forces the party contesting forfeiture to swear that he has an interest in the property." *$25,790 U.S. Currency*, 2010 WL 2671754 at *3. It also "ensures that all potential claimants come forward quickly and reduces the danger of false claims." *U.S. v. $67,775.00 in U.S. Currency*, 2011 WL 4711893 at *2. An answer merely "requires the claimant to state defenses and to admit or deny the plaintiff's averments." *$25,790 U.S. Currency*, 2010 WL 2671754 at *3. Most of the cases cited by the Government in its Second Motion to Strike involve defective claims.

In this case, the delay occasioned by the belated filing of the answer was minimal. And, the delay was occasioned by counsel's inadvertence. "[W]hen the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect.'" *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

To be sure, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396 (1993). But, in assessing whether excusable neglect has been shown, a court is to consider:

> (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Colony Apartments v. Abacus Project Management, Inc.*, 197 Fed. Appx. 217, 223 (4th Cir. 2006).

Notably, the Government has not alleged any prejudice. In *Borromeo*, the Fourth Circuit noted that, with regard to a forfeiture action, among the factors considered "in deciding whether a particular claimant's circumstances constitute 'excusable neglect,' . . . the most important is the degree of prejudice to the government." 945 F.2d at 753-54. The Court stated, *id.* at 754:

> The United States is the strongest and most important party that appears before us. It dwarfs all others in power, resources, and awesome responsibilities. . . . The government of course need not sit back, forgive all defaults and procedural abuses, and allow itself to be prejudiced by its opponent's conduct. However, [when] . . . the government does not offer even a hint of an insinuation that it would have been unfairly prejudiced . . . we cannot applaud the government's efforts to deny [claimant] a hearing on the merits of her claim. . . . The government may still 'win' the money, but it must let [the claimant] into the courthouse.

Although the claimant in *Borromeo* had a far more substantial reason for her delay than the claimant in the case at bar, attributable to the government (i.e. lack of notice), I am of the view that the inadvertence of counsel should not preclude claimant from pursuing his claim. "[J]ustice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *U.S. v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982).

Excusing claimant's delay is a matter "committed to the discretion of the district court." *Colony Apartments*, 197 Fed. Appx. at 223. Accordingly, for the foregoing reasons, I will deny the Government's Second Motion to Strike. A separate Order consistent with this Memorandum follows.

Date: December 2, 2011   /s/
                          Ellen Lipton Hollander
                          United States District Judge